No. 90-352

IN THE SUPREME COURT OF THE STATE OF MONTANA

1990

IN THE MATTER OF THE SEIZURE OF
$2,589.00 in United States currency,
100 ounces of silver in various forms,
7 gold coins, a Chevrolet pickup truck
with white cab and orange body, and
Tract 9-B Hannah Tracts and the residence,
garage and other out-buildings located
thereon at 7585 Theisen Road, Belgrade, MT.



FILED

DEC 27 1990

*Ed Smith*
CLERK OF SUPREME COURT
STATE OF MONTANA

APPEAL FROM:    District Court of the Eighteenth Judicial District,
                In and for the County of Gallatin,
                The Honorable Larry W. Moran, Judge presiding.


COUNSEL OF RECORD:

        For Appellant:

            Hon. Marc Racicot, Attorney General, Helena, Montana
            Paul D. Johnson, Asst. Atty. General, Helena,
            Montana
            Mike Salvagni, County Attorney, Jennifer Bordy,
            Deputy, Bozeman, Montana

        For Respondent:

            Michael Cok, Attorney at Law, Bozeman, Montana


                            Submitted on Briefs:  December 6, 1990

                                      Decided:  December 27, 1990

Filed:

_____
                Clerk

Chief Justice J. A. Turnage delivered the Opinion of the Court.

The Gallatin County Attorney appeals from the order dismissing this petition for forfeiture, entered by the District Court of the Eighteenth Judicial District, Gallatin County.

In October 1989, Peter Jacob Worts was charged with criminal sale of dangerous drugs and criminal possession with intent to sell, both felonies. In early November 1989, the Gallatin County Sheriff's Office filed a petition for forfeiture pursuant to § 44-12-201, MCA, arising from the same facts as the criminal charges. Subsequently, the Gallatin County Attorney's office and Worts entered a plea bargain agreement which included both the criminal and the forfeiture proceedings. The terms of the agreement were that Worts would pay $20,000 to the county drug forfeiture fund, the forfeiture petition would be dismissed, Worts would plead guilty to both criminal counts and the State would not recommend any fine in the criminal proceeding.

After a May 7, 1990, sentencing hearing, the District Court issued an order which, inter alia, required Worts to pay a $20,000 fine as part of his criminal sentence and dismissed the civil forfeiture proceeding with prejudice. The County Attorney argues that the court had no authority to dismiss the forfeiture proceeding.

Under the plea bargain agreement, the criminal and forfeiture proceedings were to be disposed of jointly. Additionally, the transcripts show that the county attorney orally agreed that the District Court could dispose of the $20,000 as it may determine.

2

We agree with the District Court that, in these circumstances, its action was within its power to accept, reject or modify a plea agreement.

Affirmed.  Let remittitur issue forthwith.

Pursuant to Section I, Paragraph 3(c), Montana Supreme Court 1988 Internal Operating Rules, this decision shall not be cited as precedent and shall be published by its filing as a public document with the Clerk of this Court and by a report of its result to the West Publishing Company.

_____
Chief Justice

We concur:

_____
_____
_____
_____
Justices